UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANDREW MACIAS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF SAN JOAQUIN,<br><br>Respondent. | No. 2:18-cv-1241 DB P<br><br><br>ORDER AND ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to § 2254. Petitioner claims he was not informed he could receive probation instead of prison before entering a nolo contendere plea. Presently before the court is petitioner's motion to appoint counsel (ECF No. 5) and his petition for screening. For the reasons set forth below, petition will be directed to show cause in writing why this petition should not be dismissed for failure to exhaust state court remedies.

**SCREENING**

**I.      Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

////

## II. The Petition

Petitioner states the basis for relief is his March 8, 2017 conviction and sentence in the San Joaquin Superior Court. (ECF No. 1 at 1.) Petitioner claims his lawyer told him to plead no contest, but did not inform him he could have received probation instead of prison time. He alleges he was not in his right mind to make a plea and that he was forced to enter a plea to avoid receiving a 15-year sentence. Petitioner states he filed an appeal in the San Joaquin Superior Court on May 18, 2017. He claims it was denied in July 2017.

## III. Analysis

There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). The court may, but is not required to, raise the issue of exhaustion sua sponte. See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cirr. 1988) (per curium); Simmons v. Blodgett, 110 F.3d 39, 41

(9th Cir. 1997).  Failure to present claims for federal relief to the California Supreme Court will result in dismissal.  <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jimenez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001).  The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims.  <u>Raspberry</u>, 448 F.3d at 1154; <u>see also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982) (The court cannot consider a petition that has not been exhausted).

Petitioner indicates that he did not file an appeal following his conviction and he presented his petition for writ of habeas corpus to the San Joaquin Superior Court. Plaintiff does not indicate that he presented his claims to any other court for further review before filing the instant petition.  If petitioner has not presented his claims to the California Supreme Court, the court cannot proceed to the merits of those claims.  28 U.S.C. § 2254(b)(1); <u>Rose</u>, 455 U.S. at 521-22.  It is possible, however, that petitioner has otherwise presented his claims to the California Supreme Court and simply neglected to inform the court.  Accordingly, petitioner will be given the opportunity to show that he has exhausted state court remedies.

Petitioner must inform the court if his claims have been presented to the California Supreme Court, and if possible, provide the court with a copy of the petition for review filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  If petitioner has not exhausted any of his claims, the petition must be dismissed without prejudice for failure to exhaust state court remedies.

## MOTION TO APPOINT COUNSEL

Petitioner has requested the appointment of counsel, but has not stated any arguments in support of his request.  (ECF No. 5.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Accordingly, petitioner's motion to appoint counsel will be denied without prejudice.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall show cause in writing why the petition should not be dismissed for failure to exhaust state court remedies as to any of the claims in his petition within thirty days of the date of service of this order.
2. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.
3. Petitioner's request for appointment of counsel (ECF No. 5) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

Dated: November 27, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas.maci1241.scrn+110

4