1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10      ALEX ANDREW MACIAS,                        No. 2:18-cv-1241 DB P

11                      Petitioner,

12           v.                                     ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
13      PEOPLE OF SAN JOAQUIN,

14                      Respondent.

15

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

17      pursuant to § 2254.  Petitioner claims he was not informed he could receive probation instead of a

18      prison sentence before he entered a nolo contendere plea.  Presently before the court is

19      petitioner's response to the court's November 28, 2018 order to show cause.  (ECF No. 7.)  For

20      the reasons set forth below, the court will recommend that the petition be dismissed for failure to

21      exhaust.

22                                            **BACKGROUND**

23              Petitioner is challenging his March 8, 2017 conviction and sentence in the San Joaquin

24      County Superior Court.  (ECF No. 1 at 1.)  He alleges the following grounds for relief: (1) his

25      attorney failed to inform him that he could receive parole instead of prison time, and (2) he was

26      falsely accused of attempted murder, spousal abuse, and child abuse.  (ECF No. 1 at 6-7.)

27              Petitioner argues that his trial lawyer failed to inform him that he could get parole instead

28      of prison time.  (ECF No. 1 at 2.)  He claims he did not realize the mistake until he received his

minute order a year and a half after he was sentenced.  (Id.)  He further alleges that he was not of

sound mind when he pled guilty and that his lawyer told him they could change his plea, but that

never happened.  Upon screening the petition, the court determined that it was unclear if

petitioner had exhausted state court remedies before filing a federal habeas petition.  (ECF No. 6.)

Petitioner was directed to file a written response showing that he had exhausted.

## RESPONSE TO ORDER TO SHOW CAUSE

In response to the court's November 28, 2018 order, petitioner filed a response and a

supplement.  (ECF Nos. 7, 9.)  However, neither petitioner's response to the order to show cause

or the supplement demonstrate that he exhausted state court remedies.

Petitioner has the burden of demonstrating he has exhausted available state remedies.  See,

e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curium); Rollins v. Superior

Court of L.A., 706 F.Supp.2d 1008, 1011 (C.D. Cal. 2010).  The Ninth Circuit has held that a

federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that

ground.  See Stone v. San Fracisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S.

1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curium), cert. denied,

455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).  Once a court

determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for

failure to exhaust.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

In response to the court's order to show cause, petitioner filed a four-page document

detailing his argument that his trial counsel was deficient.  (ECF No. 7.)  Petitioner thereafter,

filed a supplement to the response.  (ECF No. 9.)  The supplement includes a letter from the San

Joaquin County Superior Court informing petitioner that his notice of appeal was not timely filed

(Id. at 12), a notice of appeal form dated May 18, 2017 (Id. at 13), a request for certificate of

probable cause form (Id. at 16), an order from the San Joaquin County Superior Court denying his

petition for writ of habeas corpus (Id. at 17), and a letter addressing a complaint filed with the

State Bar of California against the prosecutors in petitioner's criminal case (Id. at 27-28).

The petition (ECF No. 1), response to the order to show cause (ECF No. 7), and

supplement (ECF No. 9), do not show that his claim has been presented to and disposed of by the

California Supreme Court. Further, the court may take judicial notice of court records, and the California Supreme Court records,[1] reflect that petitioner has not sought any relief from the California Supreme Court or any other California Appellate court. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). Accordingly, the court concludes that petitioner has not presented the claims in the petition to the California Supreme Court. Consequently, it appears that petitioner's claims are unexhausted. Because petitioner has not exhausted the court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (The court cannot consider a petition that has not been exhausted).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255). Failure to file objections within the specified time may

---

[1] The records are available at
https://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 17, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas.maci1241.exh.fr